# Supreme Court of Texas

No. 25-0941

In the Interest of J.M., a Child

On Petition for Review from the
Court of Appeals for the First District of Texas

JUSTICE SULLIVAN, joined by Justice Young, concurring in the denial of the petition for review.

In this sad case, as in too many others, the district court blew the 90-day deadline for rendering a final order in a parental-termination suit. *See* Tex. Fam. Code § 263.4011. The court allowed a trial with a grand total of three witnesses to drag on for five months. Unlike the deadline for *commencing* a trial, the deadline for *completing* it isn't jurisdictional. *Compare id.* § 263.401(a) (commencement deadline), *with id.* § 263.4011 (completion deadline). Although I agree that we shouldn't take up this case, I write separately to remind lower courts that we expect them to take all their statutory duties seriously, not just the ones that carry jurisdictional consequences.

## I

In September 2024, two days before the deadline for commencing trial, the district court called the case to order and announced that it

was "going to start the trial and recess it." The court explained that, although it was "not going to trial today," it had to "get some testimony" on the record so it wouldn't lose jurisdiction. The court heard testimony via "Zoom" about the child's placement status from a supervisor at the Department of Family and Protective Services. After three minutes or so, the court decided that was "good enough" to check the box on commencement and recessed the trial for a month and a half. The court never heard the rest of that witness's testimony, and the parents never got a chance to cross-examine her.

When trial nominally resumed in November, the court recessed immediately without hearing any witnesses or admitting any exhibits.[1] A month later, trial reconvened and the court admitted some exhibits and heard another witness's testimony. The court recessed again—this time for two months—before reconvening in February 2025. The court heard from a third and final witness, then terminated the parents' rights. And that's how a four-hour trial took five months to complete.

## II

District courts dragging out parental-termination trials isn't a new problem. But it's a big one. That's why the Legislature commanded courts to complete parental-termination trials within 90 days, except in certain situations not present here. Tex. Fam. Code § 263.4011.

---

[1] The clerk's record indicates that the court resumed trial on November 7, 2024, but we have no reporter's record of those proceedings.

**A**

The automatic-dismissal statute, Section 263.401 of the Family Code, has long required a court to *commence* a parental-termination trial within one year of removal. When Section 263.401 was first enacted in 1997, it obliged a court to "render[] a final order" within one year of a child's removal. Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113. A decade later, the Legislature amended the statute to provide instead that a court must "commence[] the trial on the merits" within one year. Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837. This deadline for commencing trial carries jurisdictional consequences. *See* Tex. Fam. Code § 263.401(a); *In re C.S.*, ___ S.W.3d ___ (Tex. June 5, 2026).

From 2007 to 2021, there was no deadline to finish a trial once it started, meaning that children could "remain in DFPS conservatorship and [be] shuffled from foster home to foster home for . . . years." *In re J.D.G.*, 570 S.W.3d 839, 857 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (Brown, J., concurring). Some district courts exploited this gap in the automatic-dismissal statute by nominally commencing a trial right at the deadline and then recessing until they were ready to take up the substance of the case.

This problem came to a head in *J.D.G.*, where a Harris County district court took over a year and a half to conduct a trial that saw just four witnesses give a combined total of forty pages of testimony. *See id.* at 847 & n.7 (majority opinion). The court commenced trial on time, admitted a few exhibits, and heard one witness's testimony. *Id.* When the court took over the direct examination itself and the witness couldn't

3

answer its questions, the court abruptly recessed trial. *Id.* The court never finished hearing that witness.

Over the next eighteen months, the court nominally reconvened trial several times, only to recess without hearing any witnesses or admitting any exhibits. When the court finally reconvened the substance of the trial—almost three years after the children had been removed—the court briefly heard three witnesses before terminating the mother's parental rights. *Id.* at 848–49.

It's upsetting that a Texas court would allow an ongoing parental-termination trial to languish on its docket for so long. But because there was no statute banning the practice at that time, the district court in *J.D.G.* apparently felt at liberty to take its sweet time. Thankfully, the Legislature has since imposed a shot clock of ninety days from the timely commencement of trial. *See* Act of April 28, 2021, 87th Leg., R.S., ch. 8, § 10, 2021 Tex. Gen. Laws 10, 15 (codified at Tex. Fam. Code § 263.4011).

**B**

That brings us back to the present case, where the very same district court that held an eighteen-month trial in *J.D.G.* has returned to its old shenanigans. Now under a new judge, that court let a trial with three witnesses drag on for five months. Astute mathematicians will notice that five months is longer than the ninety days the court was statutorily allowed to take. *See* Tex. Fam. Code § 263.4011(a).

Nothing in the record before us suggests that the district court granted a written extension of the ninety-day deadline for completing

4

the trial, as the statute allowed. *See id.* § 263.4011(c).[2] Quite the opposite. When presented with Father's motion for a good-cause extension, in which he requested more time to complete his service plan because he was in jail, the district court *denied* the motion. Yet the court later continued the trial until well after the very deadline that it had refused to extend.

Even worse, the district court admitted that it had commenced trial as "a pro[ ]forma start and recess," without "get[ting] to the meats and potatoes," just to hit the commencement deadline. That deadline is jurisdictional. *See* Tex. Fam. Code § 263.401(a); *In re C.S.*, ___ S.W.3d at ___. The court had already used its one-time, extraordinary-circumstances extension of that deadline. *See* Tex. Fam. Code § 263.401(b).[3] Having used up the time allotted by the Legislature, it would've lost jurisdiction if it hadn't started the trial that it recessed just a few minutes later.

I don't mean to suggest that letting the case be dismissed would've been a better decision. It probably would've been worse. Here's what the district court should've done instead: Commence the trial on time, try to

---

[2] The record before us is incomplete because the parties didn't give us the full clerk's record and the district court sealed the entire file (as seems to be a routine practice in Harris County). *But see* Tex. Fam. Code § 161.210; Tex. R. Civ. P. 76a. But the portions of the clerk's record that we do have, along with the reporter's record, indicate that the district court didn't extend the completion deadline.

[3] The order granting the extraordinary-circumstances extension listed two different dates. The order was file-stamped and electronically served on March 22, 2024 (three days *before* the dismissal deadline), but it purports to have been signed on April 1, 2024 (over a week after the deadline). I'll assume the latter date was a typo, such that the court validly extended its jurisdiction.

5

hear real testimony from at least one witness, and then recess for *fewer than 90 days* before hearing the rest of the witnesses and rendering a final order. *See id.* § 263.4011(a). Had the district court been more attentive to its statutory duties, it might've knocked out the whole trial in one morning. But if that's too much to ask, the court at least should've rendered a written order extending the trial-completion deadline. *See id.* § 263.4011(c). It's unclear what good cause might've existed for an extension, but the court should've either put one on paper or else finished the trial on time.

Letting an ongoing parental-termination trial languish on the docket for five months (let alone eighteen, as in *J.D.G.*) is unacceptable. Such delay is hard to imagine happening in any other civil case, and it'd probably be unconstitutional in a criminal case. *See* Tex. Const. art. I, § 10; U.S. Const. amend. VI. Parental-termination cases demand no less diligence from bench and bar, given that the interests at stake are of constitutional magnitude. *See* Tex. Const. art. I, § 37; *In re D.T.*, 625 S.W.3d 62, 69 (Tex. 2021). Ninety days was more than enough time for the district court to complete this three-witness trial.

\*     \*     \*

I agree with today's denial of review because the only remedy for the district court's blown deadline would've been a writ of mandamus. *See* Tex. Fam. Code § 263.4011(d). Neither parent sought that relief during trial, so it's too late for us to do anything now. But while the deadline for completing a parental-termination trial isn't jurisdictional, it *is* a duly enacted law. When lawyers break the law in the courtroom, we judges wield the awesome power to throw them in jail for contempt.

6

We bear a corresponding responsibility not to act hypocritically by breaking the law ourselves. *Cf. Matthew* 7:3–5. Here's hoping that today's gentle reminder will help keep this Court from having "to break out the big stick" of mandamus in future cases. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 862 (D.C. Cir. 2008) (Griffith, J., concurring).

_____

James P. Sullivan
Justice

**OPINION FILED:** June 5, 2026